UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAIM SARWAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 1:21-cv-00009-GZS |
| ) | |
| CLIPPER, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER OF DISMISSAL**

Before the Court is Defendant Clipper, LLC's Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 9).  Via this Motion, Defendant asks the Court to find that Plaintiff lacks standing to pursue his claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189.  For reasons briefly explained herein, the Court GRANTS the Motion.

Today the Court has entered an order in a related case brought by the same Plaintiff.[1]  See 5/18/21 Order of Dismissal (ECF No. 18) in Sarwar v. Om Sai, LLC, D. Me Docket No. 2:20-cv-00483-GZS ("Om Sai").  In this Om Sai decision, the Court has held that Sarwar cannot meet his burden of proving a concrete and imminent injury in fact and, as a result, his claim is subject to dismissal for lack of standing.  In this case, Plaintiff seeks to bring the same claim as to a different lodging establishment operated by Defendant, namely the Yankee Clipper Motel, located in Belfast, Maine.  On the record presented in this case, the Court similarly concludes that Sarwar

---

[1]. Additionally, the Court has entered similar orders in two related Title III ADA cases brought by another Plaintiff. See  5/18/21 Order of Dismissal (ECF No. 24 in Laufer v. Acheson Hotels, LLC, D. Me. Docket No. 2:20-cv-00344-GZS) & 5/18/21 Order of Dismissal (ECF No. 25 in Laufer v. Mar-Lyn In Maine, LLC, D. Me. Docket No. 2:21-cv-00007-GZS).

lacks standing because he has not asserted a plausible injury that is concrete and imminent as it relates to Clipper, LLC. Therefore, the Court hereby adopts and incorporates the reasoning contained in its Om Sai Order of Dismissal as the basis for concluding that the similar pending Motion in this case should be similarly granted.[2]

For the reasons just stated, the Court hereby GRANTS Defendant's Motion (ECF No. 5). SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 18th day of May, 2021.

---

[2] To the extent that Defendant's Motion additionally seeks an award of costs as allowed under 28 U.S.C. § 1919, the Court, in an exercise of its discretion, finds an award of costs is not warranted on the current record where dismissal is being granted prior to the commencement of discovery. See Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 124 (2d Cir. 2013) (holding that "section 1919 does not provide a statutory exception to the 'American Rule'" thereby limiting allowable costs to those generally allowed under 28 U.S.C. § 1920).